UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMAJAY J. JACKSON, | Case No.  CV-17-03493-JLS (KES) |
| Plaintiff, | |
| v. | Final Report and Recommendation of United States Magistrate Judge |
| CHARLES DREW MIDDLE SCHOOL DISTRICT, et al., | |
| Defendant. | |

This Final Report and Recommendation is submitted to the Honorable Josephine L. Staton, United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.

## PROCEDURAL BACKGROUND

On May 9, 2017, Plaintiff Semajay J. Jackson filed a civil rights complaint against the Charles Drew Middle School District, Principle Karen O'Riley in her individual and official capacity, and Teacher London Fitchner in his individual and official capacity. (Dkt. 1 or "Complaint.")  The Court dismissed the Complaint with leave to amend. (Dkt. 5.) On June 16, Plaintiff

1

filed a First Amended Complaint, naming the same defendants in the same manner. (Dkt. 6 or "FAC.")  The Court dismissed the FAC with leave to amend. (Dkt. 7.)  On September 18, Plaintiff filed a Second Amended Complaint, naming the same defendants in the same manner. (Dkt. 10 or "SAC.")  In brief, Plaintiff alleges that in April 2013, during class, Fitchner used excessive force to confiscate Plaintiff's mobile phone and then filed a false incident report that led to Plaintiff's arrest and criminal charges that were later dropped. See id.

Plaintiff, who is pro se and not a prisoner, gave the Court a mailing address on South Central Avenue in Los Angeles, California.  However, the Complaint, FAC, and SAC were all mailed to the Court in envelopes with a return address at San Quentin prison in San Quentin, California, to be addressed to "Khalifah E.D. Saif'ullah."  (See Complaint at 16; FAC at 22; SAC at 21.)  An inmate of the same name has filed numerous pro se 42 U.S.C. § 1983 lawsuits in the Eastern and Northern Districts of California.  See, e.g., Saif'ullah v. D.K. Sisto, No 07-00486, 2008 WL 2693618 (E.D. Cal. July 7, 2008) (dismissing Saif'ullah's suit as identical to another suit he filed); Saif'ullah v. Berry, No. 08-2960, 2010 WL 2851233 (E.D. Cal. July 20, 2010) (dismissing Saif'ullah's suit on screening); Saif'ullah v. Sisto, No. 08-01209, 2011 WL 1235197 (E.D. Cal. Mar. 31, 2011) (dismissing Saif'ullah's suit after revoking his in forma pauperis status, because defendants had "demonstrated that plaintiff has previously filed more than thirty civil actions in the California district courts while incarcerated," including at least three strikes, and had failed to disclose previous lawsuits to the court); Saif'ullah v. Albritton, No. 15-5600, 2017 WL 2834119, at *5 (N.D. Cal. June 30, 2017) (declining to revoke Saif'ullah's in forma pauperis status and ordering summary judgment briefing). Saif'ullah also goes by the name "Fernando A. Jackson," sharing Plaintiff's surname.  See Khalifah E.D. Saif'ullah, aka Fernando A. Jackson, Sr., v.

2

Chappell, __ U.S. __, 134 S. Ct. 1766 (2014) (denying petition for writ of certiorari).

On October 3, 2017, the Court issued a Report and Recommendation recommending dismissing almost all of Plaintiff's claims with prejudice. (Dkt. 12.) The Court expressed concern, however, that Saif'ullah might have prepared and signed the Complaint, FAC, and SAC without Plaintiff's knowledge or consent, or at least without Plaintiff's reviewing or signing the briefs. For example, in the SAC, Plaintiff spent considerable space discussing Defendants' alleged violations of the "Charles R. Drew Charter School Junior Academy Handbook." (See SAC at 14-19.) The handbook Plaintiff cited is the handbook of a charter school in Atlanta, Georgia, not the Charles Drew Middle School in Los Angeles, California, that Plaintiff apparently attended. (Compare, e.g., SAC at 16 [block quotation on "Progressive Discipline"], with Charles R. Drew Charter School Junior Academy Student and Family Handbook 2016-2017, at 22, available at http://www.drewcharterschool.org/parents [identical block quotation on "Progressive Discipline"]). The Court concluded that the best explanation for Plaintiff's confusion about his own middle school was that he did not draft or review the SAC. (See Dkt. 12 at 9-10.) Rather, Khalifah Saif'ullah drafted the SAC, and likely the Complaint and FAC. (Id.) The Court stated its belief that Saif'ullah had signed the Complaint, the FAC, and the SAC—at best, on Plaintiff's behalf without alerting the Court, and at worst, without Plaintiff's knowledge or consent. (See id. at 10-12; compare Complaint at 15, FAC at 21, and SAC at 20 [purported signatures of Plaintiff Semajay Jackson] with Dkt. 1 at 49 in Case No. 07-00486 [signature of Khalifah Saif'ullah, also known as Fernando Jackson, where the "Jackson" appears identical to the "Jackson" signed in the Complaint, FAC, and SAC].)

On November 21, 2017, the Court issued an Order to Show Cause as

follows:

> As discussed at length in the Court's Report and Recommendation dated October 3, 2017, the Court has reason to doubt whether Plaintiff drafted, reviewed, or signed the Second Amended Complaint ("SAC"). See Dkt. 12 at 9-12. Given the discrepancies identified in the Report and Recommendation, Plaintiff is hereby ORDERED to show cause why this case should not be dismissed for violations of Rule 11 of the Federal Rules of Civil Procedure. **The Court therefore ORDERS Plaintiff to appear before this Court at 10:00 a.m. on December 8, 2017, at 411 W. 4th St., Santa Ana, California, 92701, in Courtroom 6D on the sixth floor of the Ronald Reagan Federal Courthouse**. Plaintiff should be prepared to explain truthfully to the Court whether he prepared the Complaint, First Amended Complaint ("FAC"), or SAC; whether he reviewed the Complaint, FAC, or SAC before filing; whether he signed the Complaint, FAC, or SAC; and why the Complaint, FAC, and SAC were mailed to the Court in envelopes with a return address at San Quentin prison to be addressed to "Khalifah Saif'ullah."
>
> If Plaintiff would miss coursework at school because of the above order, Plaintiff should call the Court's Deputy Clerk at (714) 338-3960 to arrange an alternative time to appear. **Plaintiff is expressly warned that his failure to appear as ordered herein may result in his Second Amended Complaint being dismissed for the reasons stated above and for failure to prosecute.**

(Dkt. 13.) Plaintiff did not appear before the Court on December 8, 2017 (see Dkt. 14), and he did not contact the Deputy Clerk to explain his absence or request a continuance. The Court vacated its original Report and

Recommendation (Dkt. 15) and on December 13, 2017, issued a new Report and Recommendation recommending that the SAC be dismissed without prejudice for failure to prosecute and comply with Federal Rule of Civil Procedure 11(a).  (Dkt. 17.)

After the time for objections had passed, Plaintiff filed with this Court an untitled document on a Civil Rights Complaint form.  (See Dkt. 19.)  Part of the document appears to be a proposed third amended complaint.  (See id. at 1-17.)  Because the Court had not given Plaintiff leave to file an amended complaint,[1] the Court interpreted the filing as late objections to the Report and Recommendation, explaining how Plaintiff would amend his complaint if given leave again to do so.  The Court now issues this Final Report and Recommendation addressing these objections.  (See notes 2, 3 below.)

## II.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action for failure to prosecute, failure to comply with the Federal Rules, or failure to comply with a court order.  Although "the plain language of Rule 41(b) suggests that such dismissals may only result from a defendant's motion," it is well established that "courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."  Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005).  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

---

[1] Under Federal Rule of Civil Procedure 15, a party may amend its pleading only once as a matter of course within 21 days after serving it.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.

(3) the risk of prejudice to defendants . . . ; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

"The public's interest in expeditious resolution of litigation always favors dismissal." Id. Conversely, "[p]ublic policy favors disposition of cases on the merits" and therefore "weighs against dismissal." Id. at 643. Each of the remaining factors favors dismissal. Beginning with docket management, the Court issued an order to show cause and gave Plaintiff a month's notice, clear instructions, and contact information for the Court's Deputy Clerk should Plaintiff need to reschedule. If it is not dismissed, then the case will remain on the Court's docket indefinitely unless and until Plaintiff decides to appear—that is, assuming he is even aware of this suit.[2]

Prejudice in the context of Rule 41(b) analysis arises where a plaintiff's conduct "impair[s] defendant's ability to proceed to trial or threaten[s] to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642. Here, Plaintiff's unexplained failure to respond in any way to the Court's order

---

[2] In other circumstances, the Court might issue additional orders attempting to ensure Plaintiff's appearance. Here, given that several factors suggest that Plaintiff either is not aware of the suit or does not intend to participate in it, the Court concludes that dismissal is appropriate at this stage.

The late-filed objections did not alleviate any of the Court's concerns. Rather than explain why Plaintiff did not appear at the order-to-show-cause hearing, or assure the Court that Plaintiff would appear at a later-scheduled hearing, the objections merely state that Plaintiff "gave full authority to [his] Grandfather to prepare the complaint for [him.]" (Dkt. 19 at 1.) The objections claim that Plaintiff read the complaint in full, yet the proposed third amended complaint rectifies none of the deficiencies the Court has identified in the Report and Recommendation—including the lengthy quotations from the irrelevant school in Georgia, which Plaintiff never attended. (See id. at 14-16.) Had Plaintiff read the proposed complaint, he should have alerted Saif'ullah to this problem.

to show cause constitutes unreasonable delay, and his failure to explain the anomalies identified in the Court's original Report and Recommendation threatens to interfere with the rightful decision of the case.

Finally, the undersigned finds that less drastic alternatives are not viable. Given Plaintiff's failure to appear, the Court can only conclude that, to the extent Plaintiff was even aware of this lawsuit, he does not intend to appear before the Court to explain Saif'ullah's involvement in this case and assure the Court that Plaintiff has complied and will comply with Federal Rule of Civil Procedure 11. If Plaintiff is not willing to participate in mandatory, court-ordered hearings, then the case cannot move forward—and if Plaintiff is not able to participate in these hearings because he is not aware of them, then the case most certainly should not move forward. The Court therefore recommends dismissal for failure to prosecute.

The Court also recommends dismissal under Federal Rule of Civil Procedure 11(a). The Court has sufficient reason to conclude that Plaintiff has not reviewed the complaints filed in this case and that Saif'uhllah has been signing pleadings on Plaintiff's behalf without alerting the Court.[3] This is a

---

[3] The late-filed objections emphasize Plaintiff's grandfather's credentials as a paralegal. (See Dkt. 19 at 1-2, 19-24.) These credentials are irrelevant. First, the Court recommends dismissing Plaintiff's suit because there is no evidence before the Court that Plaintiff is involved in the suit or even aware of it. He still has not explained why he did not appear before the Court when ordered to do so. Second, Saif'ullah is not an attorney licensed to appear before the Court on behalf of another person. See Local Rule 83-2.10.2 ("Any person representing himself or herself without an attorney must appear pro se for such purpose. That representation may not be delegated to any other person, including a spouse, parent or other relative, nor to any other party on the same side who is not represented by an attorney."). Courts generally do not enforce this requirement when plaintiffs are incarcerated, if it is evident that the plaintiff has participated in preparing and reviewing the filings. Plaintiff is not incarcerated and, if he is to receive the benefits of appearing pro se, must in fact be pro se.

7

serious misrepresentation and evasion of responsibilities imposed by Federal Rule of Civil Procedure 11(a), which states that every "pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." The Court therefore recommends dismissal for failure to comply with Rule 11(a) in any filing in this case. See Ko v. Mut. Pharm. Co., Inc., No. 13-00890, 2013 WL 3338596, at *2 (N.D. Cal. July 1, 2013) ("[T]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or the party's attention. [Fed. R. Civ. P. 11(a).] . . . As Ko's husband is neither a party nor an attorney authorized to represent her, his signature does not satisfy the signature requirement of Rule 11(a). While ordinarily the court would give Ko an opportunity to correct this error, other defects . . . obviate the need to correct the signature."); see also Local Rule 11-1 (requiring signature of party's attorney or of party appearing pro se on all documents filed with the Court), 83-2.1.1.1 (noting that, with limited exceptions, an appearance before the Court on behalf of another person may be made only by members of the bar of the Court); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1333 (3d ed. 2004) ("[T]he Rule 11 signature requirement is not satisfied when a non-lawyer signs a paper on behalf of an unrepresented party."); Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'") (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)).

The Court recommends dismissing this case without prejudice. The extent of Plaintiff's knowledge of this suit is unclear, and he should not be prevented from bringing these claims in the future solely because a third party brought them under his name.

/ / /

/ / /

8

## III.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Judge enter an order: (1) accepting this Final Report and Recommendation; and (2) dismissing the SAC without prejudice for failure to prosecute and for failing to comply with Rule 11.

Dated: February 09, 2018

*Karen E. Scott*

KAREN E. SCOTT
United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to timely file Objections as provided in the Federal Rules of Civil Procedure and the instructions attached to this Report. This Report and any Objections will be reviewed by the District Judge whose initials appear in the case docket number.

9